No. 21,372.

FANNIE DAVIS et al., *Appellees*, v. THE FOWLER PACKING
COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

COMPENSATION ACT—*Injuries—Failure of Evidence.* The evidence fail-
ing to support the verdict the judgment is reversed.

Appeal from Wyandotte district court, division No. 1;
EDWARD L. FISCHER, judge. Opinion filed November 10, 1917.
Reversed.

*William G. Holt,* and *James K. Cubbison,* both of Kansas
City, for the appellant.
*Walter E. Daish,* and *Francis E. Howe,* both of Kansas City,
for the appellees.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from a judgment recov-
ered by the widow of William Davis, who it is claimed died as
a result of his foot being frozen while at work in the defend-
ant's packing house. The allegation was that he was working
as a helper and trucker in the defendant's dry-salt cellar, and
that while in its employ, helping and operating a truck in such
salt cellar, he received in the due course of his employment an
injury to his feet, "in this, to wit: the same were frozen, and
afterwards from such injury" he became ill and died.

The defendant's chief contentions are that there was no evi-
dence to warrant the conclusion that his injury was received in
the defendant's plant, and that even if so it was not the result
of an injury from accident under the workmen's compensation
act. The widow testified that the deceased left home all right
on February 19, 1916, and came home between four and five
o'clock with one of his feet frozen; that he usually came home
from six to seven or eight; that she did not do anything for
the foot but called the packing-house doctor. The foreman
testified that Mr. Davis worked in the curing department; that
he was supposed to work in the dry-salt department; that he
did not work in the freezer on the 19th. The witness also

stated that the deceased worked in a cooler; that neither of his feet was frozen at any time while working at the plant, to the knowledge of the witness, and that Mr. Davis did not on the 19th complain to him about his feet and never said anything to him about either of his feet being frozen. The timekeeper gave evidence that the deceased did not work the week of February 19, that the last time he worked was January 22. Several doctors testified to an injury to the foot and finding gangrene therein, and to the amputation of some of the toes. One gave his opinion that the blood poisoning from which the patient suffered originated in the foot; another, that the septic condition arose from the foot and leg.

There is sufficient evidence to warrant a finding that the deceased died from blood poisoning resulting from an injury to the foot, although on the latter point there was much diversity of opinion. But we have searched the record and the transcript in vain to find any evidence that the foot was frozen while at work in the packing house. In his opening statement counsel for the plaintiff said that the plaintiff alleged that—

"Her husband left her as usual and went to work; that he went to work in the salt cellar, and it is admitted and pleaded that thereafter on the evening some of the officers of the company sent him in the freezer, and while working in freezer No. 6 taking meat off the hook and loading it on a truck to load it on the cars his right foot was frozen; that he still worked there, and in a little while he complained to one of the foremen, Mr. Clark I believe it was, that his foot was stiff and cold and he could not work any longer. Mr. Clark then sent him in the boiler room to get his feet warm, and after that, about 4:30, he went home."

We have already indicated all the evidence found in the abstracts or transcript touching the place and cause of the injury, and giving to it all its natural and reasonable significance we can conclude only that the deceased died from blood poisoning; that his foot was injured by freezing, and that it possibly may have been frozen while at work in the defendant's plant. But it is equally reasonable and probable that it may have been frozen on his way from the plant or at any one of numerous other places. Certainly there is no evidence on which to base the conclusion that the foot was frozen while at work in the packing house, and it is equally certain that the opening statement to the jury almost entirely failed of support by subsequent proof.

It being impossible to find anything to support the plaintiff's allegations, it follows that she is not entitled to recover.

The judgment is reversed with directions to enter judgment for the defendant, unless it shall be made to appear to the trial court that if a new trial be granted evidence will be introduced showing that the injury occurred at the defendant's plant, in which event a new trial may be granted.